UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, L.L.C.,

      Plaintiff,

  -against-                                                         **ORDER**
                                                                        05-CV-1872 (SJF) (RER)

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES, INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT,

      Defendants.

---------------------------------------------------------X

FEUERSTEIN, J.

      On March 16, 2005, plaintiff St. Paul Fire and Marine Insurance Co. ("Plaintiff") commenced this action against defendants Architron Designers and Builders, AYN Enterprises, GJC Structures, and Joseph Edward Vance, in New York State Supreme Court, County of New York asserting claims of negligence and breach of contract. On April 15, 2005, defendant Architron Designers and Builders timely removed the case to this Court pursuant to 28 U.S.C. § 1332.

      Plaintiff originally filed this case in New York County in the Southern District of New York. Cases within federal jurisdiction may be removed "to the district court ... for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Architron improperly removed this case to the Eastern District.

      On February 26, 2007, the Court issued an Order to Show Cause why this case should not be transferred to the Southern District of New York. Responses were due by March 7, 2007 at

5:00 P.M. No party responded.

Removal of an action to an improper district is not a jurisdictional defect, but is "akin to an improper venue situation." Mortensen v. Wheel Horse Prods., Inc., 772 F. Supp. 85, 89 (N.D.N.Y. 1991). Accord Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994) (removal of case to wrong division of judicial district is akin to improper venue situation). An improper designation of venue may be remedied by transferring the action to the proper district. See 28 U.S.C. §§ 1404(a), 1406(a). See also MBL Life Assurance Corp. v. Lampert Plans, Inc., No. 96 Civ. 3832, 1996 WL 494900, at *1 (S.D.N.Y. Aug. 30, 1996); Ullah v. Federal Deposit Ins. Corp., 852 F. Supp. 218, 219 (S.D.N.Y. 1994).

Accordingly, the Clerk of the Court is directed to transfer this action to the United States District Court for the Southern District of New York. The Clerk should remove the case from this Court's active docket.

IT IS SO ORDERED.


S/sjf
Sandra J. Feuerstein
United States District Judge


Dated: March 8, 2007
Brooklyn, New York